IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISADRA ADAMS<br>2525 Welsh Road, Apt. M2<br>Philadelphia, PA 19114<br>and<br>MAXWELL BROWN<br>108 Whitely Terrace<br>Darby, PA 19023<br>and<br>HURLEY DESPER<br>846 Meadowbrook Dr.<br>Huntington Valley, PA 19006<br>and<br>BRANDON MARSHALL<br>2316 Oriel Drive<br>Bensalem, PA 19020<br>and<br>LATASHA MORGAN<br>4827 Darrah St.<br>Philadelphia, PA 19124<br>and<br>RODNEY PHILLIPS<br>2505 Alfred Drive, Apt. E<br>Yeadon, PA 19050<br>and<br>PEGGY BELCHER<br>31 Highgate Lane,<br>Bluebell, PA 19422<br><br>      Plaintiffs,<br><br>  v.<br><br>BAYVIEW ASSET MANAGEMENT, LLC:<br>4425 Ponce de Leon Blvd. 5th Floor<br>Coral Gables, FL 33146<br><br>      Defendant. | CIVIL ACTION NO.:<br><br>DOCKET NO:<br><br><br>**COMPLAINT AND JURY DEMAND**<br><br><br>**COLLECTIVE ACTION ON BEHALF<br>OF PLAINTIFFS AND ALL SIMILARLY<br>SITUATED PERSONS** |

1

## COLLECTIVE ACTION COMPLAINT

Disadra Adams, Maxwell Browne, Hurley Desper, Brandon Marshall, Latasha Morgan, Rodney Phillips, Peggy Belcher (*hereinafter* referred to collectively as "Plaintiffs," unless otherwise indicated), on behalf of themselves and all employees/former employees who are similarly situated to them (as described *infra*) hereby bring this collective action against Defendant.

## INTRODUCTION

1. Plaintiffs have initiated the instant collective action to redress violations by Defendant of the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*). Plaintiffs assert that Defendant failed to pay them overtime compensation along with all employees/former employees who are similarly situated to them (as described *infra*).

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiffs' claims because they arise under a federal law - the FLSA.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiffs are adult *sui juris* individuals with addresses as set forth above.

7. Defendant Bayview Asset Management, LLC. (*hereinafter* "Defendant") is a full service mortgage investment firm that is headquartered at the above-caption address with additional locations in Florida, Pennsylvania, Texas, and Illinois.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiffs (as well as the putative collective class of plaintiffs) to this collective action consist of employees who worked for Defendant dating back 3 years from the filing of the instant lawsuit.

11. Plaintiffs (as well as the putative class of plaintiffs) to this collective action consist of (and will consist of additional) employees who worked for Defendant at the following locations:

   a. Fort Washington, Pennsylvania;

   b. Hurst, Texas;

   c. Chicago, Illinois;

   d. Coral Gables, Florida; and

   e. Pompano Beach, Florida.

12. Plaintiffs (as well as the putative class of plaintiffs) consist of those employees who held the position of a residential asset manager (*hereinafter* "RAM") during their respective tenures with Defendant at any of the aforementioned locations (within the aforesaid statutory period).

13. Plaintiff Disadra Adams (*hereinafter* "Plaintiff Adams") worked for Defendant for approximately one (1) year as an RAM until her separation from Defendant in or about August of 2013.

14. Plaintiff Maxwell Browne (*hereinafter* "Plaintiff Browne") worked for Defendant for approximately six (6) months as an RAM until his separation from Defendant in or about May of 2013.

15. Plaintiff Hurley Desper (*hereinafter* "Plaintiff Desper") worked for Defendant for approximately thirteen (13) months as an RAM until his separation from Defendant in or about May of 2013.

16. Plaintiff Brandon Marshall (*hereinafter* "Plaintiff Marshall") worked for Defendant for approximately six (6) months as an RAM until his separation from Defendant in or about May of 2013.

17. Plaintiff Latasha Morgan (*hereinafter* "Plaintiff Morgan") became a full-time permanent employee of Defendant in or about June of 2012 and remained employed with Defendant as an RAM until her separation from Defendant in or about September of 2013.

18. Plaintiff Rodney Phillips (*hereinafter* "Plaintiff Phillips") worked for Defendant for approximately ten (10) months as an RAM until his separation from Defendant in or about September of 2013.

19. Plaintiff Peggy Belcher (*hereinafter* "Plaintiff Belcher") worked for Defendant for approximately ten (10) months as an RAM until her separation from Defendant in or about September of 2013.

20. While employed with Defendant, Plaintiffs' (as well as the putative class of plaintiffs) job responsibilities consisted of providing assistance to upper management and/or Defendant's underwriting department with modifications, short sales, and other delinquent portfolios through data entry, handling in-bound and out-bound collection calls, and gathering documents (necessary to complete short sales, modifications, and/or forbearances) from borrowers.

21. Plaintiffs, as well as other similarly situated RAMs, did not have responsibilities and/or the ability to supervise, discipline, evaluate, hire or terminate employees of Defendant during their respective tenures with Defendant.

22. Plaintiffs as well as RAMs similarly situated to them also did not have responsibilities to make management or business decisions for Defendant relating to purchasing assets, marketing, sales/financial targets, or other company financial decisions.

23. During their employment, Plaintiffs (as well as the putative class of plaintiffs) did not have the ability to approve and/or finalize loan modifications, short sales, forbearances, or any other decisions regarding delinquent portfolios without clear consent and/or approval from management or Defendant's underwriting department.

24. While employed with Defendant, Plaintiffs and other RAMs similarly situated to them were/are paid by salary.

5

31. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

32. At all times relevant herein, Defendant to this Action was responsible for paying wages to Plaintiffs and RAMs similarly situated to Plaintiffs.

33. At all times relevant herein, Plaintiffs were employed with Defendant as "employee[s]" within the meaning of the FLSA, as were employees who also worked as drivers and who were similarly situated to Plaintiffs.

34. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiffs, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

35. At all times during his employment with Defendant, Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

Defendant's violations of the FLSA as to Plaintiffs and RAMs who are/were similarly situated to Plaintiffs include, but are not limited to:

   a. Not paying them at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per work week;

   b. Not using proper record keeping mandated by the Department of Labor to ensure that they were paid for each and every hour they worked;

   a. Intentionally mischaracterizing Plaintiffs and similarly situated residential asset managers as "exempt" employees solely to avoid state and/or federal wage obligations and cheat Plaintiffs out of legally entitled earnings.

   b. Misrepresenting the amount of hours actually worked by Plaintiffs and similarly situated RAMs on their bi-weekly paychecks.

7

36. As a result of Defendant's failure to pay Plaintiffs the wages and overtime compensation due them (and other RAMs who were similarly situated to Plaintiffs), Defendants violated the FLSA, causing Plaintiffs and similarly situated RAMs to suffer damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of state and federal wage laws;

(2) Defendant is to compensate, reimburse, and make Plaintiffs and all RAMs similarly situated to Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and wages. They should be accorded those benefits illegally withheld.

(3) Plaintiffs and employees similarly situated to Plaintiffs should be awarded liquidated damages as applicable under the laws which they are suing in an amount believed to be appropriate to deter such conduct by Defendant in the future; and

(4) Plaintiff and employees similarly situated to Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Date: October 10, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Disadra Adams, et al.   :   CIVIL ACTION

v.   :

Bayview Asset Management, LLC   :   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 10/10/2013 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __See attached sheet__

Address of Defendant: __4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146__

Place of Accident, Incident or Transaction: __Defendant's place of business__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Ari R. Karpf__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __10/10/2013__   _____/s/_____   __ARK2484__
                         Attorney-at-Law        Attorney I.D.# __91538__

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/10/2013__   _____/s/_____   __ARK2484__
                         Attorney-at-Law        Attorney I.D.# __91538__

CIV. 609 (5/2012)

**Plaintiff Addresses:**

DISADRA ADAMS
2525 Welsh Road, Apt. M2
Philadelphia, PA 19114


MAXWELL BROWN
108 Whitely Terrace
Darby, PA 19023


HURLEY DESPER
846 Meadowbrook Dr.
Huntington Valley, PA 19006


BRANDON MARSHALL
2316 Oriel Drive
Bensalem, PA 19020


LATASHA MORGAN
4827 Darrah St.
Philadelphia, PA 19124


RODNEY PHILLIPS
2505 Alfred Drive, Apt. E
Yeadon, PA 19050


PEGGY BELCHER
31 Highgate Lane
Bluebell, PA 19422

1

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DISADRA ADAMS, et al.

**DEFENDANTS**
BAYVIEW ASSET MANAGEMENT, LLC

(b) County of Residence of First Listed Plaintiff: Philadelphia

County of Residence of First Listed Defendant: Miami-Dade

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act "FLSA" 29USC201

Brief description of cause:
Violations of the FLSA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE: 10/10/2013

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]