IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DISADRA ADAMS, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No. 13-5967 |
| v. | : | |
| | : | |
| BAYVIEW ASSET MANAGEMENT, LLC. | : | |
| Defendant. | : | |

February _25_ , 2014                                                                                   Anita B. Brody, J.

## MEMORANDUM

The eight plaintiffs and one defendant in this matter jointly request an in camera review and approval of their proposed settlement agreements. For the following reasons, I will deny the parties' joint request for an in camera review.

## I. BACKGROUND

Plaintiffs Disadra Adams, Maxwell Brown, Hurley Desper, Brandon Marshall, Latasha Morgan, Rodney Phillips, and Peggy Belcher commenced this action as a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against Defendant Bayview Asset Management, LLC ("Bayview"). Plaintiffs allege that Bayview intentionally mischaracterized Plaintiffs as "exempt" employees and intentionally misrepresented the hours worked by Plaintiffs in an effort to avoid paying legally-required overtime wages.

On December 26, 2013, Plaintiffs' counsel sent to the Court a letter reporting that the parties had reached amicable settlements in this matter. The parties jointly request that I undertake an in camera review of the confidential settlement agreements and enter a Stipulation for Dismissal with Prejudice and for Approval of Settlement. There are two issues before me.

1

The first is whether I should review the FLSA settlement in camera without making the settlement agreements part of the public record. The second is whether the proposed settlement agreements are a fair and reasonable resolution of the dispute. This memorandum will address only the first issue.

## II. IN CAMERA REVIEW REQUEST

In enacting the FLSA, Congress sought "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945). To combat the unequal bargaining power between employer and employee, the FLSA imposes both a minimum wage and an overtime wage for each of several categories of employee. *See* 29 U.S.C. §§ 206-207.

Because of the public interest in FLSA rights, there are only two ways that FLSA claims can be settled or compromised by employees: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b). *See Lynn's Food Stores Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982). When parties present to the district court a proposed settlement, the district court may enter a stipulated judgment if it determines that the compromise reached "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food,* 679 F.2d at 1354.

"Numerous circuit and district courts have concluded that a settlement agreement submitted to the court for consideration and approval is a judicial record and, thus, the presumption of public access attaches." *Hens v. Clientlogic Operating Corp.*, No. 05-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (collecting cases); *see Enprotech Corp. v.*

*Renda*, 983 F.2d 17, 20 (3d Cir. 1993) ("[W]hen the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision, then the settlement documents can become part of the public component of a trial."); *see also Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1066 (3d Cir. 1984) ("The existence of a common law right of access to judicial proceedings and to inspect judicial records is beyond dispute.").

Public access to judicial records is particularly appropriate in the context of the FLSA. Given the "public-private" character of FLSA employee rights, "the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.' " *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *O'Neil*, 324 U.S. at 706-09); *see Dees v. Hydradry, Inc.*, 706 F. Supp. 2d, 1227, 1245 (M.D. Fla. 2010) ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement in camera, or reviewing the agreement at a hearing without the agreement's appearing in the record . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."). "Therefore, there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 467 (E.D. Pa. 2012).

Having found that the right of access doctrine attaches, I must now balance this presumption against any factors favoring nondisclosure. *See Cuttic*, 868 F. Supp. 2d at 467. In their letter to the Court, the parties fail to raise any justifications to override the public's right of access other than the confidentiality term in their agreements. An "overwhelming majority of district courts" have found that a joint stipulation to seal does not outweigh the strong

presumption of public access to an FLSA settlement agreement.  *Hens,* 2010 WL 4340919, at *4 (collecting cases); s*ee also Dees,* 706 F. Supp. 2d at 1246 ("Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal.").  Moreover, the only cases cited in the parties' letter that address the right of access issue are orders denying motions to seal settlement agreements.  *See Webb v. CVS Caremark Corp.*, No. 11-106, 2011 WL 6743284 (M.D. Ga. Dec. 23, 2011); *Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 941 (E.D. Va. 2011).

Accordingly, I decline to perform an in camera review of the settlement agreements because the parties have not made a sufficient showing to override the public's right of access to review judicial records.

### III. CONCLUSION

For the reasons stated above, I will deny the parties' joint request for an in camera review.  The parties may move forward with the settlement by filing on the public docket a motion for approval of their settlement agreements with their agreements attached.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to: